**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANN MARIE MINOTT, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO.: |
| | : |
| PENNSYLVANIA LIQUOR CONTROL | : **Electronically filed** |
| BOARD; and JOHN DOES 1-5 AND 6-10, | : |
| | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |
| | : |

Plaintiff, Ann Marie Minott ("Plaintiff"), residing in Philadelphia, Pennsylvania, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), and in the alternative under the Pennsylvania Human Relations Act ("PHRA"), alleging employment discrimination and harassment on the basis of national origin.

### Jurisdiction and Venue

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

2.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because all of the events or substantially all of the events described below took place within the District.

**Identification of Parties**

3.      Plaintiff Ann Marie Minott ("Plaintiff") resides in Philadelphia, Pennsylvania and, at all relevant times herein, was an employee of the Defendants as defined by Title VII and the PHRA.

4.      Defendant Pennsylvania Liquor Control Board owns and operates the Fine Wine & Good Spirits location at 5113 Germantown Avenue, Philadelphia, PA 19144 and, at all relevant times herein, was the employer of Plaintiff as defined by Title VII and the PHRA.

5.      Defendant Pennsylvania Liquor Control Board employs more than 15 employees and is an employer pursuant to Title VII and the PHRA.

6.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff within the matter.

**Exhaustion of Administrative Remedies**

7.      Plaintiff exhausted her administrative remedies by filing Complaints encompassing all claims herein under Title VII and the PHRA concurrently with the Equal Employment Opportunity Commission ("EEOC"), and the Pennsylvania Human Relations Commission ("PHRC"), and for which Complaint the EEOC issued a "Right to Sue" Notice closing its investigation on or about May 5, 2026, less than 90 days prior to filing this complaint.

8.      A true cut copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit A.

**General Allegations**

9.      Plaintiff belongs to a protected class in that her national origin was originally from Jamaica, but has since become an American citizen as of November 2024.

2

10.    Plaintiff was employed by Defendants from on or about January 5, 2022 until her forced resignation on or about November 26, 2025.

11.    Throughout her employment, Plaintiff performed up to and beyond the reasonable expectations of her employer.

12.    Beginning in the summer of 2024 and continuing until her forced resignation on or about November 26, 2025, Plaintiff was subjected to a hostile work environment on the basis on her national origin.

13.    Helene Manshiem, general manager, allowed Lisa Roney, clerk, to harass Plaintiff, including but limited to commenting on a weekly basis the following:

a.   go back to your country;

b.   she's not American!;

c.   she ain't from here;

d.   you are ignorant because you're not from here;

e.   you don't know how to talk to people because you're not from here.

14.    Plaintiff complained to Helene Manshiem, general manager about the ongoing harassment.

15.    Plaintiff further complained to Rosanda Abbott, district manager about the ongoing harassment.

16.    Plaintiff complained to Christina Hauser, regional manager about the ongoing harassment.

17.    In October 2025, Plaintiff complained to Melissa, an EEO officer about the ongoing harassment.

18. Despite all of these complaints, the harassment continued up to and including November 26, 2025.

19. On November 26, 2025, Plaintiff was suspended as a result of her complaints and ultimately forced to resign from her employment.

20. The aforementioned harassing conduct was;

   a. severe or pervasive;

   b. motivated by Plaintiff's national origin;

   c. engaged in and/or condoned by supervisory and/or managerial employees of Defendants;

   d. offensive and abusive, such that a reasonable person in Plaintiff's positon would have found the terms and conditions of their employment altered such that they were forced to work in a hostile work environment;

   e. offensive and abusive to Plaintiff, specifically, who found the terms and conditions of her employment altered such that she was forced to work in a hostile work environment.

21. Defendant failed to effectively implement a reasonable policy in preventing unlawful harassment from occurring and/or reoccurring, including the failure to effectively implement a policy whereby complaints of such harassment will be promptly investigated, addressed and remediated.

22. Plaintiff suffered adverse employment actions as alleged above, including without limitation national origin harassment and forced resignation, which action was motivated by Plaintiff's membership in a protected class as a Jamaican.

23. Plaintiff asserts that the above referenced conduct was unwelcome.

4

24.    Plaintiff asserts that the above referenced conduct was "because of" her national origin.

25.    As a result of Defendants' actions and/or omissions described above, Plaintiff has been forced to suffer economic and non-economic harm, including pain and suffering and emotional distress.

26.    Because Defendants' actions and/or omissions described above were undertaken by members of upper management and/or members of upper management were willfully indifferent to same, and because such actions were especially egregious, punitive damages are warranted.

## COUNT I

### Title VII – National Origin Discrimination

27.    Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

28.    For the reasons set forth above, the Defendants are liable to Plaintiff for national origin discrimination in violation of Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable  front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### <u>Title VII – National Origin Harassment</u>

29.     Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

30.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful harassment in creating and maintaining a hostile work environment based on Plaintiff's national origin.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### <u>PHRA - National Origin Discrimination (Alleged in the Alternative to Count I)</u>

31.     Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

32.     For the reasons set forth above, the Defendants are liable to Plaintiff for national origin discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### <u>PHRA - National Origin Harassment (Alleged in the Alternative to Count II)</u>

6

33.     Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

34.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful harassment creating and maintaining a hostile work environment based on plaintiff's national origin.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**Request for Equitable Relief**

35.     Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

36.     In addition to the request for relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

   a.  Plaintiff requests a declaration by this Court that the practices contested herein violate federal law and Pennsylvania law set herein;

   b.  Plaintiff requests that this Court order the Defendants to cease and desist in engaging in unlawful conduct alleged herein going forward both as to the specific Plaintiff and as to all other individuals similarly situated;

   c.  Plaintiff requests equitable reinstatement to her position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and equitable front pay;

d.  Plaintiff requests that any order for equitable reinstatement, equitable back pay and/or equitable front pay includes the full value of all loss wages, benefits, fringe benefits, other remuneration of which Plaintiff was deprived due to Defendants unlawful acts such that the equitable remedies ordered make Plaintiff whole;

e.  Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or her attorneys' fees in connection with this litigation and all Plaintiff's reasonable attorneys' fees along with statutory required enhancements to said attorneys' fees;

f.  Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training within ninety (90) days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by Title VII and the PHRA and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in a contractual relationship with the Defendants;

g.  Plaintiff requests that the Court order the Defendants to have all supervisory and Human Resources personnel undergo a complete initial training within ninety (90) days of any such equitable order, and thereafter annual training, on the employer's obligation to investigate and address complaints to unlawful harassment prohibited by Title VII and the PHRA and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who

is not otherwise employed by or in any way a contractual relationship with the Defendants;

h.  Plaintiff requests that the Court order the Defendants to furnish proof of completion of the initial training described herein to Plaintiff within one hundred eighty (180) days of the entry of any such equitable order;

i.  Plaintiff requests that the Court order the Defendants to expunge from all records any reference to any discipline or termination of the Plaintiff and the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of her employment, the last position held unless legally required to produce other information;

j.  Plaintiff requests the Court do such other equity as is reasonable, appropriate, and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & SILVERMAN, LLC**

By: __*/s/ Mark D. Laderman*____
     **Mark D. Laderman**
     PA ID No. 201153
     18000 Horizon Way, Suite 800
     Mt. Laurel, New Jersey 08054
     856-727-9700
     mladerman@costellosilverman.com

9

Attorney for Plaintiff

Dated: June 26, 2026

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

By: __*/s/ Mark D. Laderman*____
        **Mark D. Laderman**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/05/2026

**To:** Ann Marie Minott
6200 Washington Avenue Apt A
Phila, PA 19143

Charge No: 530-2026-02326

EEOC Representative and phone:    Legal Unit Representative
(267) 589-9707

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-02326.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
05/05/2026

Karen McDonough
Deputy Director

**Cc:**
Ashley Chille
910 Capitol St.
Harrisburg, PA 17124

Incident  Location
Pennsylvania Liquor Control Board
5113 Germantown Avenue
Phila, PA 19144

Mark Laderman Esq.
Costello & Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054


Please retain this Notice for your records.